996 F.2d 1213
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hubert JONES, III, Defendant-Appellant.
 No. 92-5459.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 14, 1993.
Decided: July 8, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CR-89-143-R)
 William H. Lindsey, BOUNDS & DORSEY, P.C., Roanoke, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, E. Ann Hill, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before HALL, WILKINSON, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Hubert Jones, III, challenges his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1988) and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1988). Jones asserts that his Fourth Amendment rights against unlawful search were violated when airport security officials detained him for three hours prior to the issuance of a search or arrest warrant. Because we agree with the district court that Jones consented to the detention and the search, we affirm his convictions.
 
 
 2
 Hubert Jones purchased one-way airline tickets to Dallas, Texas, for himself and a companion, Harry Cunningham, at Roanoke Airport. As they proceeded through the airport security metal detector, Cunningham was stopped. Jones continued on to the gate and boarded the scheduled flight for Charlotte, a stop on the way to Texas. When security officials found cocaine taped to Cunningham's chest, he claimed that Jones was carrying an Uzi in his baggage.
 
 
 3
 Roanoke officials notified Charlotte security officials of the reported weapon. Jones was stopped when he attempted to board the flight from Charlotte to Dallas. An officer advised Jones that she had received information that he was carrying a gun. Jones, carrying an airport gift shop bag, was patted down and agreed to be escorted to the security office.
 
 
 4
 Once in the office, Jones gave permission to officials to retrieve his baggage from the airplane's luggage compartment and go through the bags in his possession. When the luggage arrived, Jones again agreed to the search and assisted security officials by opening his suitcase. Jones had also checked boxes; these were X-rayed to minimize the intrusion of the search. During this search, an officer discovered $4200 in the gift shop bag. Some time later, Jones was arrested by a Federal Bureau of Investigation (F.B.I.) agent. Before this arrest, according to the testimony of an airport security officer, Jones was polite and cooperative, received an incoming phone call, made several outgoing phone calls, and went to the restroom. Jones's testimony was consistent with this story.
 
 
 5
 Before trial, Jones moved to suppress the introduction into evidence of the $4200 seized from the gift shop bag, complaining that the length of his detention prior to his arrest by the F.B.I. agent tainted his consent to be searched. The district court denied the motion to suppress and Jones's subsequent motions for directed verdict, finding that Jones consented to the search.
 
 
 6
 On appeal, a district court's finding of consent must be upheld unless it is clearly erroneous. United States v. Wilson, 895 F.2d 168, 172 (4th Cir. 1990) (quoting United States v. Mendenhall, 446 U.S. 544, 588 (1980)). Based on the testimony of the security officials and Jones himself, the district court's finding that Jones consented to the search was not clearly erroneous.
 
 
 7
 Jones's only argument worthy of note is based on Florida v. Royer, 460 U.S. 491 (1983). In Royer, the Supreme Court held that where the original detention of a suspect was illegal, the suspect's subsequent consent to a search was tainted. The evidence seized from this tainted "consensual" search was suppressed.
 
 
 8
 In this case, however, Jones was constitutionally stopped. The security officers had a reasonable suspicion supported by articulable facts based on Cunningham's statements in Roanoke that Jones was carrying a weapon. See Terry v. Ohio, 392 U.S. 1 (1968). Even if Jones's detention later became unconstitutional because of its length, the difficulty with the detention arose well after he had consented to the search of his bags and the cash was discovered. An unconstitutional detention following a consensual search does not taint the consent earlier given. Jones's argument has no merit.
 
 
 9
 Accordingly, we affirm the judgments of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED